# REPORT OF CASES

### DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1914

(No. 1641, April 27, 1914)

STATE ex rel. COUNTY COMMISSIONERS, San Miguel County, Relator, Appellee, vs. EUGENIO ROMERO, Treasurer, etc., Respondent, Appellant.

(No. 1642, April 27, 1914)

STATE ex rel. COUNTY ROAD BOARD, San Miguel County, Relator, Appellant, vs. EUGENIO ROMERO, Treasurer, etc., Respondent, Appellee.

(CONSOLIDATED)

### SYLLABUS BY THE COURT.

1. Sec. 7, Chap. 54, Laws 1912, which provides that the County Road Funds "shall hereafter be expended under the supervision and direction of the County Road Board, and the methods for making such expenditures and accounting therefor shall be the same as those now or hereafter required by law in the case of expenditures made by the Boards of County Commissioners." Held. To authorize the County Road Boards to draw their warrants upon the County Treasurers directly against the County Road Fund, in payment of supplies necessary in the construction of public roads, under the same statutory regulations now in force controlling the Boards of County Commissioners in disbursing County Funds.                    P. 7

2. Repeals by implication are not favored but will be declared by the courts in cases where "the last statute is so

broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and, therefore, to displace the prior statute."        P. 6

3. . Chapter 54, Laws of 1912, granting to the County Road Boards general powers over public roads. Held:    Not to repeal by implication so much of Chapter 124, Laws of 1905, as empowered Boards of County Commissioners to acquire by purchase or condemnation land for use as a public road.        P. 7

4. A subsequent statute treating a subject in general terms, will not be held to repeal by implication an earlier statute treating the same subject specifically, unless such construction is absolutely necessary in order to give the subsequent statute effect.        P. 6

5. Held. That Section 7, Chap. 54, Laws of 1912, does not forbid the Boards of County Commissioners from drawing warrants against the county Road Fund to pay for land acquired for use as a public road, under the provisions of Chapter 124, Laws of 1905.        P. 7

(No. 1641)

Appeal from District Court of San Miguel County, David J. Leahy, Presiding Judge. Affirmed.

(No. 1642.)

Appeal from District Court of San Miguel County, David J. Leahy, Presiding Judge. Reversed and Remanded with instructions.

IRA L.. GRIMSHAW, for Appellant.

The County Board alone has authority to draw warrants against the Road Fund. Secs. 1826, 1831, 1832, C. L. 1897; Chap. 1, Title 16, C. L. 1897; Sec. 1855, Chap. 110, Laws 1903; Chap. 124, Laws 1905; Chap. 53, Laws 1907; Chap. 42, Laws 1909; Chap. 54, Laws 1912; 2 Cent. Dict. 2078; 4 Cent. Digest 3740.

The drawing of all warrants on the Road Fund by the

Road Board does not interfere with the discharge of duties by the County Commissioners. Chap. 124, Laws 1905, Secs. 16, 23; Sec. 8, Chap. 54, Laws 1912.

C. W. G. WARD, CHESTER A. HUNKER, for appellees.

Consideration of statutes bearing on power and authority of Boards of County Commissioners and County Road Boards is requisite. C. L., Secs. 651, 653, 655, 698, 1828, 1852, 1855; Chap. 124, Sec. 25, Laws 1905; Chap. 110, Laws 1903; Chap. 97, Sec. 15, Laws 1905; Chap. 91, Laws 1903; Chap. 7, Secs. 5, 6, Laws 1905; Chap. 43, Sec. 6, Laws 1909; Chap. 55, Sec. 5, Laws 1912; Chap. 124, Secs. 3, 5, 6, 7, 9, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25; Secs. 1, 2, Chap. 53, Laws 1907; Chap. 30, Laws 1912; Chap. 32, Laws 1913.

Powers and Duties of County Road Boards.—Chap. 89, Laws 1891; Chap. 60, C. L. 1897; Secs. 1832, 1835, 1834; Secs. 2, 4, 8, 18, Chap. 40, Laws 1901; Chap. 53, Laws 1907; Chap. 55, Laws 1912.

REPLY BRIEF.

Law.—Sec. 3, Chap. 53, Laws 1907; Sec. 8, Chap. 54, Laws 1912; Sec. 8, supra.

OPINION OF THE COURT.

MECHEM, District Judge.—In case Number 1642, the County Road Board of San Miguel County brought an action in Mandamus against the Treasurer of that county to compel him to honor its warrant drawn on the County Road Fund to pay for necessary supplies used in the construction of public roads in said county. The court below denied the petition of the Road Board, and it has appealed.

In case Number 1641, The Board of County Commissioners of San Miguel County sued out a writ of Mandamus against the Treasurer of that county to compel him to honor its warrant on the County Road Fund, drawn to pay the purchase price of land necessary for the laying

out of a public road. In this case the court below granted the writ and the Treasurer has appealed.

No question is made in either case that the indebtednesses for which the warrants are drawn are not legal charges against the Road Fund, but the question is solely one of whether or not the Board issuing the warrant has power to draw on the County Road Fund.

Previous to the legislation of 1912 the funds available in the various counties for road and bridge purposes were subject to control of and disposition by the Boards of County Commissioners and the Road Supervisors who were appointed by the Commissioners. This system had been built up by statutes containing general delegations of power over roads, their establishment and maintenance and particular statutes such as those prescribing the procedure in the purchase or condemnation of lands for use as public roads.

By an act entitled An Act Relating to Public Highways and Bridges, Chapter 54, Laws 1912, a new department of county management, called a County Road Board, was created and its powers to some extent defined. The following are the sections of that act pertinent to this inquiry:

"Sec. 6. There is hereby created in each of the several counties of the state a County Road Board, the members of which shall serve without compensation, and which board shall consist of three qualified voters and taxpayers, who shall be appointed by the State Highway Commission for a period of three years and subject to removal by said Commission for cause. *Provided,* however, that the members of such boards first appointed, shall be appointed for periods of one, two, and three years respectively, and not more than two of them shall be of the same political party at the time of their appointment.

"Within ten days after appointment, and on the first Monday in March in each year thereafter, the members of any such board shall meet and organize by electing one of their number as chairman and one as secretary-treasurer. The secretary-treasurer shall give bond in an amount to be fixed by the State Highway Commission,

subject to approval by the district judge. The officers so elected shall hold their respective offices until their successors are elected and qualified.

"Sec. 7. All funds that may be derived from taxation, issuance of bonds, gifts, or bequests, or from any other source, for road and bridge purposes in the respective counties shall hereafter be expended under the supervision and direction of the County Road Board, and the methods for making such expenditures and accounting therefor shall be the same as those now or hereafter required by law in the case of expenditures made by the boards of county commissioners.

"Sec. 8. Such County Road Boards are hereby given authority to construct or improve or aid in constructing or improving any road or bridge within the county and to maintain and repair the same, and shall select and lay out a system of prospective county highways. Said system shall include the county seat and such other towns, settlements and railroad stations as may be deemed advisable, and include the main traveled highways in the county. Each such board shall, by conference with similar boards of adjoining counties, cause the respective county systems to join so as to make continuous and direct lines of travel between the counties, and each such board shall, in laying out said systems, co-operate with and be advised by the State Highway Commission. Each such board is hereby empowered and directed to employ the county surveyor of its county to prepare, upon the scale and in accordance with instructions to be prescribed by the State Highway Commission, a map which shall show the system of prospective county highways, which map shall be filed with the State Highway Commission and with the county clerk, and after such map has been filed such board may alter or increase such system, with the consent and approval of the State Highway Commission.

"Sec. 9. From and after the passage of this act such county boards shall be invested with the powers heretofore conferred by law upon the road supervisors in the various counties and shall be charged with the direction of the work heretofore imposed by law upon such road super-

visors; and the position of road supervisor is hereby abolished.

"Sec. 10. Such county boards are hereby empowered to employ, remove, and fix the salaries of such engineers, foremen, laborers, and other employees as may be necessary to carry on their work, and may assign such duties and delegate such authority to such employees as they deem advisable.

"Sec. 11. Such boards shall make an annual report to the State Highway Commission and such other reports as may be called for by such Commission from time to time."

The Act does not contain a repealing clause. Though repeals by implication are not favored, yet courts declare them in cases where "the last statute is so broad in its terms and so clear and explicit in its words as to show it was intended to cover the whole subject, and therefore, to displace the prior statute." Frost v. Wenie, 157 U. S. 46; Ty v. Digneo, 15 N. M. 157; 103 Pac. 975; Ty v. Riggle et al, 16 N. M. 713; 120 Pac. 318.

These sections evidence clearly an intent upon the part of the legislature to take from the Boards of County Commissioners and from Road Supervisors the general control of roads and to vest that control in the new board. That this act so considered is clearly within the limits of legislative authority is beyond question.

It is argued that Section 7, *supra,* does not authorize the County Road Board to issue its warrants or orders direct upon the County Treasurer against the Road Fund.

The section provides not only that the Road Fund "shall hereafter be expended under the supervision and direction of the County Road Board," but further provides, that "the methods for making such expenditures and accounting therefor shall be the same as those now or hereafter required by law in the case of expenditures made by the Boards of County Commissioners." The only law that can be here referred to are those statutes which prescribe the procedure by which Boards of County Commissioners pay out the county funds.

These statutes, sections 668, 669, 670, 679, 680, 681, 693 and 697 C. L., Laws 1897, establish a system of disburs-

ing County Funds and accounting therefor and may be easily followed by the County Road Boards. If the latter clause of Section 7 above referred to is to be held otherwise than meaningless, it effectually grants to the County Road Board the power to draw its warrants direct on the Treasurer against the County Road Fund, under the same statutory restrictions and regulations heretofore or hereafter applicable to Boards of County Commissioners in the exercise of their power to disburse County Funds.

Coming to the next question presented by the record, that of the right of the Board of County Commissioners to draw its warrant against the County Road Fund to pay for land to be used as a public highway, it is to be observed that by a particular statute, Chapter 124, Laws of 1905, which as far as the record discloses in case No. 1641, was followed, the Board of County Commissioners may in certain cases appoint viewers of land proposed to be taken for road purposes and upon their report of damage done to the land owner, the Board may make payment to him, which may be accepted by the land owner or if not accepted then the Board may proceed to condemn. It is also to be considered that the act of 1912 is in general terms and does not specifically give the powers conferred by Chapter 124, Laws 1905, to the County Road Board, nor is Chapter 124 repealed.

The rule of construction applicable here is stated in Black on Interpretation, 116:

"As a corollary from the doctrine that implied repeals are not favored, it has come to be an established rule in the construction of statutes that a subsequent act, treating a subject in general terms and not expressly contradicting the provisions of a prior special statute, is not to be considered as intended to affect the more particular and specific provisions of the earlier act, unless it is absolutely necessary to so construe it in order to give its words any meaning at all." Rodgers vs. U. S., 185 U. S. 83, and authorities cited.

The absurdity of permitting two independent Boards to draw on the same fund is urged upon us and untoward

results are confidently predicted of such an arrangement.
While persuasive in a case of ambiguity, such considera-
tions have no place in declaring the plain letter of a stat-
ute, within the province of the legislature to pass. It is
to be confidently expected if the dire results prophesied
occur, that the legislature will furnish a remedy.

The judgment of the lower court in case No. 1642 is
reversed and the cause remanded with instructions to grant
the writ of mandamus, and the judgment in case number
1641 is affirmed, and it is so ordered.