[No. 2922, Jan. 8, 1927]

STATE ex rel. ARMIJO, Dist. Atty., v. ROMERO, Treasurer San Miguel County.

[253 Pac. 20]

### SYLLABUS BY THE COURT

"A subsequent statute treating a subject in general terms will not be held to repeal by implication an earlier statute treating the same subject specifically, unless such construction is absolutely necessary in order to give the subsequent statute effect." State ex rel. v. Romero, 19 N. M. 1, 140, p. 1069."

Appeal from District Court, San Miguel County; Leahy, Judge.

Proceeding by the State, on the relation of Luis E. Armijo, District Attorney, for mandamus, to be directed to Cleofes Romero, Treasurer of San Miguel County. From a peremptory mandamus, defendant appeals. Affirmed, and cause remanded with direction.

Milton J. Helmick, Atty. Gen., and John W. Armstrong, Asst. Atty. Gen., for appellant.
Tom W. Neal, of Las Vegas, for appellee.

[1] 18CJ p. 1327 n. 86; 36 Cyc p. 893 n. 23; p. 1087 n. 92; p. 1088 n. 94.

JANUARY TERM, 1927          179

State ex rel. Armijo, Dist. Atty., v. Romero, 32 N. M. 178

OPINION OF THE COURT

WATSON, J. This is an appeal from a peremptory mandamus commanding the county treasurer of San Miguel county to pay a warrant or certificate of the clerk of the district court of the Fourth judicial district, representing an allowance out of the court fund made by the district judge, covering supplies and traveling expenses of the district attorney.

The county treasurer sought to justify his refusal to pay the warrant upon these grounds: That one of the items included in the claim allowed was not legally chargeable; that certain of the traveling expense items were in excess of the sums legally chargeable, under regulations made by the state comptroller, in that (a) more than 12½ cents per mile was allowed for the use of the district attorney's automobile, and (b) it was not shown that such trips could not have been made by rail or stage; that the statement did not have attached to it receipts for all expenditures in excess of $1; and that he had received from the state comptroller the following written order:

"I hereby order until further notice that you do not pay any more claims presented by county and district officials for expense until such bills have been sent to the auditing department of the comptroller's office to be audited for payment. This order is issued you under authority of section 8, c. 48, of the Laws of 1923."

The court fund is a special fund levied by the county commissioners of the several counties for the purpose of maintaining the district courts and to meet the expenses thereof. It is to be disbursed by the county treasurer only upon the certificates of the clerks of the district courts on allowances made by such courts. Code 1915, §1369. District attorneys are entitled to the following payments out of the court fund: " * * * Actual traveling expenses, including hotel bills * * * incurred while in the discharge of their duties, * *, * upon order of the court, supported by sworn statement of such expenses * * * "—and the actual cost of "all neces-

180     SUPREME COURT OF NEW MEXICO

State ex rel. Armijo, Dist. Atty., v. Romero, 32 N. M. 178

sary stationery, office supplies and postage  *  *  *
to be paid, upon verified account approved by the
district judge.  *  *  *  "  Code 1915, § 1869, as
amended by Laws of 1921, c. 139.

It is plain that under these provisions of law the
district attorney's claim was properly allowed by the
district judge and the mandamus properly awarded.
It is claimed, however, by appellant, that chapter 48,
Laws of 1923, creating the office of state comptroller,
providing for uniformity of public accounts, making
him the state's auditor, and giving him the authority
to establish certain rules and regulations governing
expenditures, repealed, or at least modified, the pro-
visions above referred to for payment for supplies
and traveling expenses of district attorneys.  If this
be true, important results follow.  The district at-
torney is now entitled to "actual and necessary" trav-
eling expenses instead of "actual" traveling expen-
ses as formerly.  The state comptroller may, by rules
and regulations, determine what shall constitute ac-
tual traveling expenses of the district attorney, that
having formerly been the duty of the district judge.
The sworn statement of such expenses, and the ver-
ified account for stationery and office supplies are
no longer sufficient; but such statements and accounts
must be accompanied by receipts in every case where
the expenditure exceeds $1.  In fact, if appellant's
contention be upheld, practical control over the court
fund is taken from the district judge and vested in
the comptroller.

We think that appellant's contention is clearly er-
roneous.  The question may be disposed of by apply-
ing familiar rules of statutory construction.  Laws of
1923, c. 48, does not in terms repeal or amend the
provisions in question.  These provisions are special
in their scope.  They relate to a special fund and to
allowances to a particular officer. - Chapter 48 is gen-
eral in its scope, relating, as it is claimed, to all public
funds and to all public officers.  Repeals by impli-
cation are not favored.  Statutes, apparently relat-

JANUARY TERM, 1927            181

State ex rel. Armijo, Dist. Atty., v. Romero, 32 N. M. 178

ing to the same subject matter, must both be given effect unless clearly repugnant to each other. A statute, special in its scope, will not be deemed repealed by a general statute, although the language of the latter may be broad enough to include what is provided for in the former. Board of Education v. Tafoya, 6 N. M. 292, 27 P. 616; Territory v. Riggle, 16 N. M. 713, 120 P. 318; State ex rel. County Commissioners v. Romero, 19 N. M. 1, 140 P. 1069.

So we hold that chapter 48, Laws of 1923, has no application to allowances to district attorneys for supplies and traveling expenses. This view seems also to have been that of the Legislature in 1925, which after this case had been tried, having occasion again to amend Code 1915, §1869, re-enacted the provisions governing such allowances. Laws 1925, c. 120, § 1.

Some reliance seems also to be placed upon Laws of 1921, c. 206, § 7, which provides that officers and employees of the state shall be allowed for transportation only by the shortest usually traveled route, and that expenses for such purpose may be allowed only ''when incurred and paid in conformity with rules and regulations to be issued by the state traveling auditor who is hereby authorized and directed to issue such rules and regulations.'' The powers and duties of the state traveling auditor were, by chapter 48, Laws of 1923, conferred and imposed upon the state comptroller. The section relied upon is found in a general appropriation bill. A reading of it satisfies us that it was intended to apply only to the disbursements of the legislative appropriations, not to disbursements from court funds. Attempting to apply it to disbursements of court funds, we should be compelled to meet the objection raised in State ex rel. Whittier v. Safford, 28 N. M. 531, 214 P. 759, that it offends section 16 of article 4 of the Constitution, providing that:

''General appropriation bills shall embrace nothing but appropriations for the expense of the executive, legislative

and judicial departments, interest, sinking fund, payments on the public debt, public schools, and other expenses required by existing laws."

In the case mentioned the section was upheld upon the principle that "the details of expending the money so appropriated, which are necessarily connected with and related to the matter of providing the expenses of the government, are so related, connected with and incidental to the subject of appropriations that they do not violate the Constitution if incorporated in such general appropriation bill." We mention this question without deciding it, being satisfied that the section is by its language limited in its application to disbursements of legislative appropriations.

We conclude, therefore, that the mandamus was properly awarded. The judgment will be affirmed and the cause remanded to the district court, with direction to enforce it; and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.