## No. 12,803.

. . Froid *v.* Knowles.
(36 P. [2d] 156)

Decided April 30, 1934. Rehearing denied July 2, 1934.

Mr. O. A. ERDMAN, Mr. HARRY C. RIDDLE, for plaintiff in error.

Messrs. TWITCHELL, CLARK & BURKHARDT, Mr. JOHN M. ECKLEY, Mr. CHARLES E. SOUTHARD, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION against a physician and surgeon for alleged

malpractice. Defendant's general demurrer to plaintiff's replication was sustained. Plaintiff elected to stand on his replication and suffered judgment of dismissal. Error is assigned.

It appears that plaintiff, employed as a county truck driver, was injured in the course of his employment; that the county was operating under the Workmen's Compensation Act, carrying insurance with the State Compensation Insurance Fund; that in due course plaintiff made application to the Industrial Commission to allow and fix his compensation; that through accommodation and adjustment, to which plaintiff, the county, the commission, and the insurance carrier were parties, settlement was effected. Defendant pleaded that in the settlement thus consummated plaintiff received compensation for all his injuries, including any injury alleged to have resulted from defendant's treatment of plaintiff, but in his replication, to which the demurrer was sustained, plaintiff denied that the compensation received included anything on account of the injuries he claims to have suffered through defendant's alleged malpractice pleaded in his complaint, and alleged that no contractual relation or privity existed between defendant and the employing county. The defendant was not a party to the settlement, and the text of the receipt and release referred to by him was not pleaded. "The allegation in the answer herein that the awards made to and accepted by the plaintiff were in compensation for all of the injuries set forth in the complaint is, at most, the conclusion of the pleader." *White v. Matthews,* 224 N. Y. S. 559, 563.

The question is whether the settlement indicated may be invoked by defendant in absolution of the charge of malpractice against him. In simplification of the issue, the parties entered into stipulation, and on it the court made resolution. We review it so. The stipulation reads: "That for the purpose of the determination of the demurrer interposed by the defendant to plaintiff's repli-

cation, it is agreed that the replication raises only an issue of law as to whether the settlement in compensation under the Workmen's Compensation Act received by the plaintiff constitutes a bar at law either under the statute or common law to any recovery against the defendant for malpractice, and that no issue of fact is tendered by said replication. It is agreed that the defendant Knowles was employed by the plaintiff himself and not by either the plaintiff's employer or by the Industrial Commission, and was paid by the plaintiff as a physician of plaintiff's own selection. In determining the questions raised by plaintiff's replication and defendant's demurrer thereto, the court may determine it in accordance with the foregoing stipulation as a matter of law and not of fact."

Measured by the stipulated issue, unless he may escape through the plea that plaintiff's settlement with his employer under the compensation law operated to discharge defendant as well, he must answer as a tort-feasor to the charge of malpractice. It is informative to say that defendant has made other answer which will challenge attention in the event of trial.

It will aid our study, we think, if we shall keep in mind that the liability of a tort-feasor is predicated on fault, that of an employer under the compensation act, on relationship. What plaintiff received from or through his employer resulted from relation; what he seeks from defendant is based on the latter's alleged fault. To the Workmen's Compensation Act, the purpose of which is "to determine, define and prescribe the relations between employer and employe," defendant was as a stranger. "An outsider does not share the burdens of the act, imposed upon the employer, and he is entitled to none of its benefits." *Hotel Equipment Co. v. Liddell*, 32 Ga. App. 590, 124 S. E. 92. The pleadings do not assuredly indicate that plaintiff's employer intended to, or did, pay for the secondary injuries which plaintiff alleges he suffered at the hands of defendant. The employer and his

insurance carrier paid what they and plaintiff, the employee, agreed was the employing county's relational liability. Defendant, as we have seen, was neither party to the settlement nor privy with the employer. His counsel urge, however, that since plaintiff received what he was willing to deem his employer's liability, he thereby waived whatever rights he might otherwise have had against defendant. They cite the recent case of *Hennig v. Crested Butte Co.*, 92 Colo. 459, 21 P. (2d) 1115. We think it is not pertinent. There the physician was employed by the company, not by the injured man, and the employing company, not the alleged malpractitioner, was sued. The question in that case, as stated by counsel for the company, was "whether an employee can recover from his employer for the malpractice of the physician." Furthermore, judgment was rendered on the pleadings on a record of an undenied answer which alleged that plaintiff had made application for compensation, which had been approved, fixed, paid and accepted, "in full satisfaction and discharge of any and all liability of the defendant upon the cause of action attempted to be set up in the complaint, and that under the award of the Industrial Commission, all right, title and interest of the plaintiff in and to the cause of action attempted to be set out in the complaint was assigned to the insurance carrier of the defendant, which is still the owner thereof and the only other party authorized to maintain action thereon." In essential and controlling facts the case itself is not only without point to the present inquiry, but mainly the authorities cited in the opinion, as should be, are of a kind. "Every opinion," as we have said, voicing a wise rule, "must be read in the light of its own facts, and it is decisive only of the matters involved." *People v. Texas Co.*, 85 Colo. 289, 275 Pac. 896. Other than as to the Hennig case, which we distinguish, counsel agree that the right of an employee to proceed in damages against his own physician for malpractice, notwithstanding in the matter in which the malpractice is alleged to

have occurred he has received compensation in settlement of his employer's relational obligation, has not been determined in this jurisdiction.

 Preliminary, we may say, we find nothing in our compensation act which specifically precludes recovery as sought by plaintiff. With respect to parties coming within its provisions, and those excluded, the theory of compensation legislation has been discussed by many reviewing courts. In orderly development of the doctrine which we think justice requires us to adopt, we review some of the decisions. In a Delaware case this language is found: ''There is nothing in the provisions of the Compensation Act which destroys the liability of a non-employer tort-feasor to respond in damages to the proper party for the death of an employee, notwithstanding such employee or his dependents has or have accepted the benefits of the Workmen's Compensation Law. When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the Legislature intended to save a class of wrongdoers who are in nowise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's comtemplation, and his liabilities are not intended by the act to be disturbed.'' *Silvia v. Scotten,* 32 Del. 295, 122 Atl. 513. ''The parties to the compensation agreement,'' says the Pennsylvania Supreme Court, ''are the injured employee and the employer. * * * Compensation under the act does not include all the elements of damages,—for illustration, pain and suffering. Some states hold that the award includes all damages (see Ross v. Erickson Construction Co., 89 Wash. 634, 155 Pac. 153), but most other states hold that it does not. The compensation then is not accepted as a

substitute for all damages incurred.'' Again: ''The presumption must be that the law as to third persons in every respect stands as it was before the act.'' Courts should not adopt a ''construction which would in any way fetter its humane purposes.'' *Zimmer v. Casey,* 296 Pa. St. 529, 146 Atl. 130. In Wisconsin it is said: ''The purpose and effect of the Workmen's Compensation Act is to control and regulate the relations between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him.'' *Smale v. Wrought Washer Mfg. Co.,* 160 Wis. 331, 151 N. W. 803. In *Smith v. Golden State Hospital,* 111 Cal. App. 667, 296 Pac. 127, the employee, after applying for and receiving compensation, sued his employer and the hospital and physicians to whom he had been referred for medical aid and treatment by the employers, praying damages for alleged injuries resulting from malpractice. Demurrers of the defendants were sustained. Stating the status of the appeal, the court said: ''The only parties defendant upon this appeal by the plaintiff are the hospital and the physicians, and the sole question presented is as to the right of the employee to maintain an action against them for malpractice after allowance of compensatory relief from the employers.'' Ordering reversal, the court observed: ''Without conceivable exception, it must occur that by the construction universally placed upon humane workmen's compensation legislation, employees are so restricted with respect to relief for proximate injuries that their right to other recourse in the event of subsequent injury by independent third parties over whose discretion and actions neither employer nor employee has control, should be and is unfettered. * * * That independent professions by the fact of business contact with the employer should be absolved of

responsibility for mistake, avoidable or unjustified neglect resulting in secondary affliction, seems obnoxious to the purpose and spirit of such a statute.''

The case of *Viita v. Fleming,* 132 Minn. 128, 155 N. W. 1077, is frequently cited. Preliminary determination was that the relation of patient and physician existed, conceded here. It appeared that after the time when the alleged malpractitioner had discharged his patient, and after the result was fully known, Viita and his employer agreed upon a settlement ''under the terms of the Workmen's Compensation Act.'' The order provided that upon payment ''the employer shall be and hereby is, released from all claims on account of said injury, under said act or otherwise.'' Judgment went against the physician and there was affirmance on review. The physician's counsel argued, as is contended here, that the ''settlement released the employer, and also the defendant from all liability for negligence in the treatment of plaintiff's injury.'' The court said: ''We need add little to what is said in the preceding paragraph in order to dispose of the argument that the settlement under the Workmen's Compensation Act, by which the employer was released from 'all claims on account of said injury,' operated as a settlement and release of any claim the employee might have against the physicians for malpractice. The employer, as we have seen, was not liable to the employee for the negligence of the physicians. It was not required to compensate plaintiff for damages sustained by their malpractice, and the settlement did not purport to include any such element. This is not contrary to the well-known rule, existing before the compensation act, that, where one is injured by the negligence of another, and uses due care in the selection of a physician or surgeon, the wrongdoer is liable for all the proximate results of his own act, although the injury has been aggravated by improper treatment by the physician. It by no means follows that the one whose negligence causes the original injury is liable for the negligence of the

physician employed to treat it, and it is clearly not true that the physician is not liable to the patient for such negligence. When it appears, as it clearly does here, that there is a liability on the part of the physician to the patient, it is a strain to hold that a settlement between the injured man and the wrongdoer for the injury by the accident, whether made under the compensation act or outside of it, includes the claim that the injured man has against his physician for a separate and subsequent injury."

In *Ruth v. Witherspoon-Englar Co.*, 98 Kan. 179, 157 Pac. 403, the discussion was from a somewhat different angle. There plaintiff, proceeding under the compensation act, sought, and the trial court awarded, recovery for total disability for eight years. There was evidence, as the reviewing court found, to the effect that the permanent character of the disability was due to malpractice, the possibility of which was not properly submitted to the jury. Reversing the judgment, the court said: "Even if circumstances had been shown sufficient to charge the defendant with responsibility for the fault of the physicians, the rule would not be altered, for liability under the compensation act can not be made to depend upon the degree of care exercised. A part of the loss occasioned by an accidental injury to a workman is cast upon the employer, not as reparation for wrongdoing but on the theory that it should be treated as a part of the ordinary expense of operation. So much of an employee's incapacity as is the direct result of unskillful medical treatment does not arise 'out of and in the course of his employment' within the meaning of that phrase as used in the statute." (The quoted expression is in the Colorado statute.) The court continued: "For that part of his injury his remedy is against the persons answerable therefor under the general law of negligence, whether or not his employer be of the number."

The case of *White v. Mathews, supra*, from which we have already quoted briefly, was like this in facts. De-

fendant, a physician, was sued in damages for malpractice. There, as here, aside from denials and other usual defenses, also as here, defendant pleaded plaintiff's employment by an employer, which, and plaintiff as well, was, "subject to and accepted the benefits of the Workmen's Compensation Law." He further alleged that plaintiff applied for and was granted awards, duly paid, which plaintiff "elected to receive under the provisions of the Workmen's Compensation Law. * * * that the said awards, made to and accepted by the plaintiff, were in compensation of all injuries set forth in the complaint herein, and that, having elected to accept compensation pursuant to the provisions of the Workmen's Compensation Law of this state, * * * and having received and accepted said payments made pursuant thereto for the injury which plaintiff received * * *, plaintiff is now barred from further prosecuting a claim for said injury or the consequential result thereof against this defendant; and that the provision of the Workmen's Compensation Law is exclusive, and excludes all other rights and remedies and all other compensation to the plaintiff for said injury and the consequential result thereof." This defense was challenged for sufficiency in accordance with the practice in New York, but the trial court denied the motion. On review it was said: "We think the learned court below erred in denying plaintiff's motion. The court below proceeded upon the assumption that plaintiff's employer, the Woman's Hospital, and the defendant were join tort-feasors, and that the plaintiff, having elected to accept the benefits of the Workmen's Compensation Law, and having received compensation for the injuries which she received while in the employ of the Woman's Hospital, may not ask independent damages of the defendant, although the defendant's want of skill and malpractice may have aggravated plaintiff's injuries." After commenting on the trial court's confusing the situation with common-law procedure, the court added: "But the court below fell into the error of assuming that

the proceeding to obtain compensation was an action for damages and that there were two tort-feasors here. Plaintiff's claim for compensation under the Workmen's Compensation Law was not based upon negligence, or any wrongful act or omission on the part of plaintiff's employer. Compensation was sought and received by plaintiff upon the fact alone that, when she sustained her injuries, she was an employee of the Woman's Hospital. There is no allegation, either in the complaint or in the answer, that plaintiff sustained her injuries as the result. of any tort or negligent act. * * * No wrongful act on the part of anyone is anywhere alleged in the pleadings as the cause of plaintiff's injuries. How, therefore, can it be said that the plaintiff's employer and the defendant were joint tort-feasors? No part of the moneys received by plaintiff was for compensation for negligence, but was based alone upon the fact of employment. * * * The injuries for which the plaintiff seeks to recover in this action are additional to and entirely independent of those for which she received compensation." The soundness of this case is challenged by defendant's counsel on authority of O'Brien v. Lodi, 246 N. Y. 46, 157 N. E. 925. The O'Brien inquiry is distinguishable. There, plaintiff, while employed under circumstances which brought him and his employer within the compensation act, was injured through the negligence of a third party. Instead of resorting to the compensative remedy, he elected to proceed under a provision of the statute against the wrongdoer for damages. After suit brought, plaintiff and the tort-feasor agreed on a sum in settlement of plaintiff's claim, which was paid. Two years later plaintiff sought to have the settlement set aside and the case reopened, but since he did not charge fraud or misunderstanding his petition was denied. Secondary injuries were not under consideration, malpractice was not charged, a physician was not sued.

 Our examination of the authorities has been painstaking, and while some courts hold otherwise, we

are disposed to the view that, no less than in other circumstances, to deny remedy to the victim of malpractice simply because he has received compensative relief under the statute, is fraught with potential ill-being. The Constitution of Colorado provides that "courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property, or character." Art. 2, §6. By the common law a physician or surgeon is beholden for injury to his patient resulting from malpractice. 21 R. C. L., p. 379, §26. We have uniformly held to that doctrine. *Jackson v. Burnham,* 20 Colo. 532, 39 Pac. 577; *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200, are illustrative instances. Legislative abrogation of the remedy invoked by plaintiff does not appear. The issue common in malpractice actions is presented. To allow orthodox determination is only just to plaintiff and is not unfair to defendant. In declining to proceed so, the court erred.

Let the order be that the judgment is reversed, the demurrer to be overruled.

Mr. Chief Justice Adams, Mr. Justice Campbell and Mr. Justice Bouck dissent.