**153 P.2d 516**

**RADER v. RHODES.**

No. 4857.

Supreme Court of New Mexico.

Nov. 22, 1944.

Mechem & Hannett and Joseph L. Smith, all of Albuquerque, for appellant.

Seth & Montgomery, of Santa Fe, and C. C. Royall, of Silver City, for appellee.

MABRY, Justice.

This is a suit for a declaratory judgment, here upon appeal from a decision adverse to appellant, plaintiff below. Appellant Rader asks for a judgment declaring a certain section of the statute relative to liability to a workman of any person other than the employer for damages inflicted has not been repealed. It does not become important to notice the circumstances surrounding, or the character of, the injury alleged to have been suffered by appellant. Such matter is unimportant for the purpose of this suit.

The controversy between the parties involves only the construction of 1941 Comp. Sec. 57-904, 57-905, 57-906, and 57-925, the defendant's contention being that Section 57-925 has been repealed by Sections 57-904 to 57-906, inclusive.

Appellant had theretofore and after the injury accepted compensation from his employer under the New Mexico Workmen's Compensation Act for the identical injury, and appellee contends that, although having no connection with plaintiff's employment and being an entire stranger to the operation of the Workmen's Compensation Act as it applied as between appellant and appellee, nevertheless he would not, under the circumstances, be liable for the injury complained of. The question of plaintiff having accepted compensation, incidentally, does not become important here. It is the fact that appellant, the workman, came under the Act at all which is important.

The pertinent and single inquiry here presented goes to the question whether a third party is, in view of the New Mexico Workmen's Compensation Act, liable for injuries inflicted by him and sustained by a workman who comes under the Act. In other words, must the workman look exclusively to the provisions of such Act for any compensation to which he would be entitled?

The one question of law raised by appellee's affirmative defense is to be resolved by answer to the question whether or not Section 57-925, supra, has been repealed. If there has been a repeal of the section, it is solely by implication and because of Sections 57-904 to 57-906, subsequently enacted. Section 57-925 (Sec. 24, Chapter, 113, Laws of 1929) reads:

"The right of any workman, or, in case of his death, of those entitled to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer as herein defined shall not be affected by this act * * *, but he or they, as the case

may be, shall not be allowed to receive payment or recover damages therefor and also claim compensation from such employer hereunder, and in such case the receipt of compensation from such employer hereunder shall operate as an assignment to the employer, his or its insurer, guarantor or surety, as the case may be, or any cause of action, to the extent of the liability of such employer to such workman occasioned by such injury which the workman or his legal representative or others may have against any other party for such injuries or death."

The pertinent portions of subsequently enacted Sections 57-904, 57-905, and 57-906 (Chap. 92, Laws of 1937) read:

"Such election and compliance with the provisions of this act * * * shall be, and be construed to be, *a surrender* by the employer and the employee *of their rights to any other method,* form or amount of compensation or determination thereof, *or to any cause of action, action at law,* suit in equity *or statutory or common-law right or remedy or proceeding whatever for or on account of such personal injuries * * *."* (Emphasis ours.) Section 57-904.

"Any employer who has elected to and has complied with the provisions of this act, * * *, including the provisions relating to insurance, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act * * * pro-

vided; *and all causes of action, actions at law,* suits in equity, *and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this act * * * provided."* (Emphasis ours.) Section 57-905.

"The right to the compensation provided for in this act, * * *, *in lieu of any other liability whatsoever,* to any and all persons whomsoever, *for any personal injury* accidentally sustained or death resulting therefrom, *shall obtain in all cases* where the following conditions occur: * * *."* (Emphasis ours.) Section 57-906.

The emphasized portions of the last above mentioned three sections of the statute, appellee says, clearly indicate that no other right of recovery is given to or permitted the workman who comes under the Act. Whether the injuries inflicted be by some third person, or otherwise, says appellee, so long as the injury is suffered in the course of his employment, the remedy provided the workman by the Act is exclusive.

Appellant argues that there has been no repeal by implication as is contended for and that the exclusive character given to the remedy provided by the subsequently enacted Chapter 92 of the Laws of 1937 has reference to, and applies only as between, employer and employee,

and the insurance carrier necessarily, and has no reference to the liability otherwise existing where the injury is caused by the tortious act of a third person; that Section 57-925 preserved such right in the earlier enactment and that this provision of the law was not repealed by any implications to be found in the subsequent act of 1937. With this construction we agree with appellant.

Repeals by implication are not favored, and where the provisions of an earlier act can be reconciled with those of a later one no repeal will be implied. It is only where such construction is absolutely necessary in order to give the subsequent statute effect that a repeal will be implied. State v. Romero, 32 N.M. 178, 253 P. 20; In re Martinez' Will, 47 N.M. 6, 132 P.2d 422.

Although not favored, courts will consider as repealed by implication statutes where the repugnancy is so clear as to make irreconcilable the two acts; and the language of the particular later act will be looked to for an indication of an intention to repeal an earlier expression on the same subject. See Ellis v. New Mexico Construction Co., 27 N.M. 312, 201 P. 487. Total irreconcilability as between the earlier and later act will, necessarily, operate as a repeal. Territory v. Digneo, 15 N.M. 157, 103 P. 975.

The Colorado case of Froid v. Knowles, 95 Colo. 223, 36 P.2d 156, is cited and relied upon by appellant. It is a case from a state from which we took our early Compensation Act, and a case decided prior to our adoption of the Act of that state, which, under the rule, would ordinarily call for a construction in harmony with the construction given by the courts of the foreign state prior to our adoption of such state's statute. Palmer v. Farmington, 25 N.M. 145, 151, 179 P. 227; Bissetti v. Roberts, 25 N.M. 365, 371, 183 P. 403.

While it may not be said that the Colorado court there had before it, or decided, the exact question here presented, we take notice of the language, logic and fundamental reasoning employed in that case. To quote [95 Colo. 223, 36 P.2d 158]:

"It will aid our study, we think, if we shall keep in mind that the liability of a tort-feasor is predicated on fault; that of an employer, under the Compensation Act, on relationship. What plaintiff received from or through his employer resulted from relation; what he seeks from defendant is based on the latter's alleged fault. To the Workmen's Compensation Act, the purpose of which is 'to determine, define and prescribe the relations between employer and employee,' defendant was as a stranger. 'An outsider does not share the burdens of the act imposed upon the employer, and he is entitled to none of its benefits.' Hotel Equipment Co. v. Liddell, 32 Ga.App. 590, 124 S.E. 92, 94."

"In a Delaware case this language is found: 'There is nothing in the provisions of the Compensation Act which destroys the liability of a non-employer tort-feasor to respond in damages to the proper party

for the death of an employee, notwithstanding such employee or his dependents has or have accepted the benefits of the Workmen's Compensation Law. When the purpose of the Workmen's Compensation Act is borne in mind it would be highly unreasonable to assume that in its enactment the Legislature intended to save a class of wrongdoers who are in no wise related to the compensation scheme from the liability which the law had theretofore imposed upon them. The Workmen's Compensation Act concerns only employer and employee and is designed to afford a fair and equitable adjustment of their mutual rights and obligations, primarily for the benefit of the employee. A stranger to the employment is outside of the act's contemplation, and his liabilities are not intended by the act to be disturbed.' Silvia v. Scotten, 2 W.W.Harr. [295], 32 Del. 295, 122 A. 513, 514.

" 'The parties to the compensation agreement,' says the Pennsylvania Supreme Court, 'are the injured employee and the employer. * * * Compensation under the act does not include all the elements of damages, for illustration, pain and suffering. Some states hold that the award includes all damages (see Ross v. Erickson Construction Co., 89 Wash. 634, 155 P. 153, L.R.A.1916F, 319), but most other states hold that it does not. This compensation, then, is not accepted *as a substitute for all damages incurred.*' Again: 'The presumption must be that the law as to third persons in every respect stands as it was before the act.' Courts should not adopt a *'construction as would in any way fetter its humane purposes.'* Zimmer v. Casey, 296 Pa. 529, 146 A. 130, 131. In Wisconsin it is said: 'The purpose and effect of the Workmen's Compensation Act is to control and regulate the relations between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him.' Smale v. Wrought Washer Mfg. Co., 160 Wis. 331, 151 N.W. 803, 804."

The opinion in the above mentioned Colorado case, if it can be said to be of any aid here other than as it may be looked to for logic and reason in support of some fundamentals of the question—the narrower question whether there had been a repeal by the sections of the Colorado Act similar to our own not being raised or decided—seems to be in conflict with the Montana case of Clark v. Olson, 96 Mont. 417, 31 P.2d 283. Although it may be also noticed that the Montana case deals with a situation which might be distinguished from our own in that the concern there might have been over the question of whether "double compensation" would not result, contrary to the legislative intent. We have no such problem here, clearly, since the difference between the recovery

from the tort-feasor and that paid by the employer under the Act, is all that the workman may retain.

The Montana statute seems also to have permitted an election on the part of the employee when so injured by a third party as to whether he would take under the Compensation Act or look to the third party for damages. Such a situation doubtless influenced that court in its holding that the legislature did not intend to afford the workman both remedies. The justness of permitting such suit, with restrictions, was recognized by the amendment made by the 1933 Legislature (Chap. 138, Mont. Laws 1933) and commented upon in Koppang v. Sevier, 101 Mont. 234, 53 P.2d 455. In Chisholm v. Vocational School, etc., 103 Mont. 503, 64 P.2d 838, 844, it is said:

"* * * and in Clark v. Olson, supra, we did not hold that Clark could not recover damages from Olson because he had already received an amount which would make him whole for the injury suffered, but because the Legislature, whether purposely or by inadvertence, had taken away his right to maintain an action for damages and made his right to receive compensation under the act exclusive."

But, even if we are to concede for the Montana holding all that appellee contends for, we, nevertheless, would disagree with the reasoning by which the result there was achieved, adopting rather that of the Colorado cases.

And, even though it must be said that the Colorado court was not, in the Froid case, supra, called upon to determine specifically whether there had been a repeal of the statute giving the additional common-law right to sue a third party, it is inconceivable that the court there would have overlooked the question of repeal. That state had statutes almost identical in language with our Secs. 57-904, 57-905, and 57-906.

And it is equally persuasive that the bench and the bar of Colorado apparently have never, during all the time since the decision in Froid v. Knowles, supra, taken notice of the possibility that such language as we are considering could be relied upon as affording a repeal by implication. We can, therefore, assume that the position we are here taking finds ample support in the decisions of the Colorado courts, the reasoning of which we approve and adopt.

We can conceive of no ill consequences to flow from the operation of the New Mexico Act as we appraise it, e. g., with Section 57-925, supra, unrepealed. After all, whatever the employee receives from the third person tort-feasor he can retain out of the recovery only the difference between such recovery and that which he has received in compensation from his employer. The more recent Colorado case of Riss & Co. v. Anderson, 1941, 108 Colo. 78, 114 P.2d 278, 280, employs reasoning which seems to us to be logical. To quote from this case:

"The statute itself contemplates that if the employee shall elect to sue a third

party he may then recover from the compensation insurance carrier only the deficiency between the judgment thus procured and the amount of compensation benefits to which he is entitled; and that if after an award of compensation the insurance carrier shall, as a statutory assignee of the claim, sue and recover more than the award of compensation, the excess shall belong to the injured employee. It is apparent that the statute relied upon is not designed to relieve a third party from the consequence of injuries to another negligently inflicted, but merely affords a means of adjusting rights as between the injured employee and his employer, who also may be burdened as a consequence of the negligence of another which he could not foresee or prevent. What was said in Froid v. Knowles, 95 Colo. 223, 36 P.2d 156, 158—quoted also in King v. O. P. Baur Confectionery Co., supra [100 Colo. 528, 68 P.2d 909]—is in point here: * * *."

We must, however, in the final analysis, look to the language of our own particular Act for an answer to the question here posed. There is such a variety of differences to be noted between the various state statutes, that extensive notice for comparison would not be very helpful. It is said in Schneider's Workmen's Compensation Text (Vol. 3, Sec. 832, Perm.Ed.) that:

"The usual provision in most of the Acts to the effect that the rights of the employee under the Act shall be exclusive is held to apply only as against the employer, as is likewise true where the Act makes no reference to negligent third persons, though it is quite generally held and provided in the Acts that the employee cannot recover in full from both the employer and the negligent third party, though benefits under some of the Acts preclude recovery for wrongful death against the negligent third person by the widow or administrator or action by the injured employee where he is required to elect his remedy. Such right then being exclusive in the employer."

This author, in his work above cited, published in 1943, does not treat this Section 57-925 of our Act as repealed. In fact he takes notice of its provisions relative to assignment for the benefit of the employer, to the extent of the employer's liability, of an interest in the employee's cause of action against third persons, and considerable notice is taken of the New Mexico case of Kandelin v. Lee Moor Contracting Co., 37 N.M. 479, 24 P.2d 731, where certain features of our Act, somewhat pertinent to the question here to be resolved, were before the court.

Horovitz on Workmen's Compensation (1944) at page 342, likewise notices the irreconcilability of the decisions of the several states upon this and kindred questions because of the difference in language of the statutes involved.

The author, at page 353 of this text, and at the close of an interesting discussion of the question of under what statutes common-law suits may be maintained, says:

"Thus the feeling of many lawyers that the mere existence of a compensation act wipes out common-law suits is not justified by the cases; and the lawyer is still needed to protect and enforce those rights —common-law and statutory—which the compensation act does not abolish or affect."

So, conceding, as appellee does—and as we all must—the soundness of the rule which would permit the operation of a statute giving the right to sue the third person tort-feasor under circumstances which would permit him to retain, not "double", but simply theoretically full, compensation, we would hesitate to strike down by judicial interpretation, upon the basis of an implied repeal to be read into the statute, the additional remedy which the legislature may have thought wise to leave undisturbed.

Attention is called to White v. New Mexico Highway Comm., 1938, 42 N.M. 626, 83 P.2d 457, decided since the 1937 amendment where, although this precise question was not before the court or decided, it must have been assumed that there was no repeal of the section.

It seems to us that Section 57-925 is entirely reconcilable and consistent with the spirit of the Workmen's Compensation Act as a whole. It serves, obviously, to benefit both the employer and employee. It serves a good purpose in this respect by bringing to account the third person tort-feasor. It serves to more fully compensate the workman and to afford reimbursement to the employer for the amount he has been obligated to pay. The tort-feasor would otherwise escape under circumstances of the injury being inflicted upon a workman covered by the Compensation Act, where he would not escape where the injuries are suffered by one not so covered.

We hold that Section 57-925 has not been repealed.

The judgment will be reversed, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and THREET, JJ., concur.