531 P.2d 1208
**Robert G. GALVAN, Petitioner,**

v.

**CITY OF ALBUQUERQUE, a Municipality duly Incorporated under the laws of the State of New Mexico, and Gregory F. Avila, Respondents.**

**No. 10221.**

Supreme Court of New Mexico.

Feb. 21, 1975.

Marchiondo & Berry, Albuquerque, for petitioner.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Jonathan W. Hewes, Albuquerque, for respondents.

## OPINION

STEPHENSON, Justice.

Petitioner (Galvan) brought suit for personal injuries alleged to have been suffered as a result of negligent operation of a motor vehicle owned by the City of Albuquerque (City) and operated by its employee, Avila. Mr. Galvan proceeded under §§ 5–6–18 to 22, N.M.S.A.1953, as amended, naming the City as a defendant as provided by § 5–6–20.

The City moved to dismiss on the ground that it was immune from suit under §§ 64–25–8 and 9, N.M.S.A.1953. The trial court dismissed on that basis with the magic words required by Rule 54(b), (§ 21–1–1(54)(b), N.M.S.A.1953), included in the judgment. Galvan thereupon appealed.

The Court of Appeals adopted the City's theory and, by a memorandum opinion, affirmed this case and a consolidated companion (Sanchez v. Manfredi et al., since settled) on the basis of Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct. App.1971). The Court of Apepals mentioned that City of Albuquerque v. Garcia, 84 N.M. 776, 508 P.2d 585 (1973) is not to the contrary. We granted certiorari and reverse the Court of Appeals.

We must consider two legislative acts. The earlier statute, §§ 64–25–8 and 9, was passed in 1941. It provides authority for the State Board of Finance to require the purchase of liability insurance in respect to the negligent operation of motor vehicles by the state and its political subdivisions. City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698 (1960). It also provides, inter alia, that "no action shall be brought" against the state or its political subdivisions, but that the operator of the vehicle may be named as a defendant. The insurer is not permitted to raise the defense of sovereign immunity and the plaintiff is required to provide a release of any claimed amounts over the policy limits.

The later statute, §§ 5–6–18 to 22, was passed in 1959. It relates to all negligent torts committed by the state or its political subdivisions or their employees, rather than merely negligent operation of motor vehicles. The statute authorizes the purchase of insurance. Suits are brought directly against the state or its political subdivisions but no judgment is to "run against" such defendants unless there is insurance to cover it. The plaintiff must, upon demand, waive the amount of any judgment in excess of the coverage.

The two acts are irreconcilable. The later statute is broader in its application and more liberal in its terms. The question presented is whether the latter repealed the former by implication, or whether, the former being special and the latter general, the former is to be considered an exception to the latter as held by the Court of Appeals.

Mr. Galvan's counsel, rather gracefully and with considerable accuracy, states that "the history of the inter-relationship between the two acts reveals a somewhat erratic course through the New Mexico courts."

The reason for this is easily understood. Lurking in the background is the doctrine of court-created sovereign immunity. Historically, this court has persistently clung to that outmoded and archaic doctrine. See Sangre De Christo Dev. Corp., Inc. v. City of Santa Fe, 84 N.M. 343, 503 P.2d 323 (1972) and cases cited therein. We have recently cast aspersions upon it (City of Albuquerque v. Garcia, supra) along with other courts. See, Campbell v. State, 284 N.E.2d 733 (Ind.1972); Evans v. Board of County Com'rs of County of El Paso, 174 Colo. 97, 482 P.2d 968 (1971); Spanel v. Mounds View School District No. 621, 264 Minn. 279, 118 N.W.2d 795 (1962). But this is not an appropriate case in which to consider striking down the doctrine. The question was not raised below, has not been briefed or argued, nor is consideration of that question necessary to a decision.

We are, however, not disposed to either perpetuate or broaden the unfortunate effects of court-created sovereign immunity,

a policy which naturally inclines us toward giving effect to the later, broader and less restrictive statute, if this can be accomplished without doing violence to our precedents on statutory construction.

■ By reason of the existence of court-created sovereign immunity, in construing these statutes, New Mexico courts have been mindful of and grappled with the question of whether they waive sovereign immunity. They do not. They represent legislative attempts to circumvent and avoid the harsh, unconscionable and unjust results stemming from court-created immunity, which already completely protects the state against suits from its negligent acts, by providing compensation for those injured by the state. And if any such waiver has resulted, it certainly is minimal. Neither statute permits any situation to arise in which the state or its political subdivisions could suffer any real liability since any judgment has to be limited to the policy limits.

■ As the issues have been formulated here, we are concerned solely with a question of statutory construction. Did §§ 5-6-18 to 22, N.M.S.A.1953, as amended, repeal by implication §§ 64-25-8 and 9, N.M.S.A.1953? We abide by the precept that "[r]epeals by implication are not favored and are not resorted to unless necessary to give effect to an obvious legislative intent. Buresh v. City of Las Cruces, 81 N.M. 89, 463 P.2d 513 (1969)." Saiz v. City of Albuquerque, supra, 82 N.M. at 748, 487 P.2d at 176. As this court stated in the early case of State ex rel. v. Romero, 19 N.M. 1, 6, 140 P. 1069, 1070 (1914), repeals by implication will be declared "where 'the last statute is so broad in its terms and so clear and explicit in its words as to show it was intended to cover the whole subject, and therefore to displace the prior statute.' [citations omitted]."

The title of the act creating §§ 5-6-18 to 22, N.M.S.A.1953 recites:

"*An Act Relating to Suits Against the State, County, City, School District, District, State Institution, or Any Other Public Agency or Public Corporation Where Liability Insurance Is Carried.*" Ch. 333 (1959) Laws of N.M. 1021.

The first section of the act, appearing in the statute as § 5-6-18, states:

"The purpose of this act * * * shall be to provide a means for recovery of damages for death, personal injury or property damage, resulting from the employer's or employee's negligence, which occur during the course of employment for state, county, city, school district, district, state institution, public agency or public corporation, its officers, deputies, assistants, agents and employees."

■ As we pointed out in Garcia, "that act [Ch. 333 (1959) Laws of N.M. 1021] is inconsistent, virtually in its entirety, with §§ 64-25-8 and 9, * * *." We believe the intent of the Legislature obvious. We hold that §§ 5-6-18 to 22, N.M.S.A.1953, as amended, is so broad in its terms and so clear and explicit in its words as to show it was intended to cover the whole subject, and therefore, to displace the prior statute (§§ 64-25-8 and 9, N.M.S.A.1953). These statutes clearly allow suits against the state and its political subdivisions in all negligence cases to the extent of liability insurance. Saiz v. City of Albuquerque is overruled.

The Court of Appeals erred in upholding the district court's dismissal of the City of Albuquerque as a party defendant. This case is remanded to the district court of Bernalillo County with directions to set aside its judgment, reinstate the City as a party defendant and proceed in accordance with the views we have expressed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.

MARTINEZ, J., did not participate.

OMAN, Justice (dissenting).

I am unable to agree with the majority opinion. I agree with neither the result reached nor with the reasoning and authority advanced in support of that result. In

my opinion the Court of Appeals applied the correct rule of construction and reached the correct result.

I am unable to find the answer to the construction question here presented in our opinion in State ex rel. v. Romero, 19 N.M. 1, 140 P. 1069 (1914), upon which the majority rely. In addition to Saiz v. City of Albuquerque, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971), in which the precise question here presented was correctly decided, our decisions in the following cases clearly compel an affirmance of the Court of Appeals: State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966); State v. Melendrez, 49 N.M. 181, 159 P.2d 768 (1945); Rader v. Rhodes, 48 N.M. 511, 153 P.2d 516 (1944); Waltom v. City of Portales, 42 N.M. 433, 81 P.2d 58 (1938); State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936); State ex rel. Armijo, Dist. Atty., v. Romero, 32 N.M. 178, 253 P. 20 (1927).

As observed in the majority opinion, our sole concern in this case is one of statutory construction. In view of this, I fail to understand the purpose or the propriety of the discussion concerning the abolishment of the doctrine of sovereign immunity.

I would quash the writ of certiorari as having been improvidently granted. The majority feel otherwise. Therefore, I dissent.