Territory v. Riggle, et al, 16 N. M. 713.

[Nos. 1412-1417.   December 22, 1911.]

THE TERRITORY OF NEW MEXICO, Ex Rel. W. R.
WHITE, Appellant, v. J. G: RIGGLE, Probate Clerk
and Ex-Officio Recorder of the County of Lincoln, N.
M., Appellee.

THE TERRITORY OF NEW MEXICO Ex Rel. W. P.
WHITE, Appellant, v. CHARLES A. STEVENS,
Sheriff of the County of Lincoln, N. M., Appellee.

THE TERRITORY OF NEW MEXICO Ex Rel. W. R.
WHITE, Appellant, v. T. W. WATSON, Treasurer
and Ex-Officio Collector of the County of Lincoln, N.
M., Appellee.

THE TERRITORY OF NEW MEXICO, Appellant, v.
J. G. RIGGLE, Probate Clerk and Ex-Officio Recorder
of the County of Lincoln, N. M., Appellee.

TERRITORY OF NEW MEXICO, Appellant, v.
CHARLES STEVENS, Sheriff of the County of Lin-
coln, N. M., Appellee.

THE TERRITORY OF NEW MEXICO, Appellant, v.
T. W. WATSON, Treasurer and Ex-Officio Collector,
Lincoln County, N. M., Appellee.

SYLLABUS.

1. Repeals by implication are not favored and where two
statutes can be construed together and preserve the objects
designed to be obtained by each, they should be so construed.

2. In cases where there is a removal, or attempted re-
moval, of a county seat, a time is fixed when the offices of
the old county seat shall be transferred to the new and
such offices shall not be removed until a court house and jail
shall be completed at the new county seat.

Appeal from the District Court for Lincoln County,
before E. R. WRIGHT, Associate Justice. Affirmed.

W. H. H. LLEWELLYN, CHARLES A. SPIESS and E. L.
MEDLER for Appellant.

Mandamus was the proper remedy. C. L. 1897, secs. 632, 633; Laws 1907, chap. 87; Gray v. Taylor, 15 N. M. 742; 19 A. & E. Enc., 2 ed. 775; State v. Stock, 16 Pac. 106, 799; Kas.; State v. Burton, 27 Pac. 141, Kas.; State v. Weld, 39 Minn. 426; Wells v. Taylor, 5 Mont. 202; Calaveras County v. Brockaway, 30 Cal. 325.

Where the duty is required to be performed by law and is of public nature, the law is sufficient demand and omission to perform is refusal. 19 A. & E. Enc., 2 ed. 760; Atty. General v. Boston, 123 Mass. 460; North Pac. Rd. v. Dustin, 142 U. S. 508; High Ex. Legal Rem., sec. 431; Union Pac. R. R. Co. v. Hall et al, 91 U. S. 355; Duty of officers to keep offices at county seat. C. L. 1884, secs. 411, 415; C. L. 1897, secs. 630-634, 747, 749; State v. Woods, 104 Mo. 459; Williams v. Reutzel, 60 Ark. 155; Whallon v. Circuit Judge, 51 Mich. 503: Acts 1897, chap. 6; Acts 1903, chap. 38; Acts 1905, chap. 119; Acts 1907, chap. 87; Acts 1909, chap. 80; Lewis Suth. Stat. Con. 463, secs. 246, 257.

Repeal by implication. Baca v. Bernalillo County, 10 N. M. 438; Sandoval v. County Com., 13 N. M. 543; Territory v. Digneo, 15 N. M. 159; Front v. Wenie, 157 U. S. 46; U. S. v. Healey, 160 U. S. 147; Lewis Suth. Stat. Con., secs. 37, 267, 348; McCartte v. Orphan Asylum Society, 18 Am. Dec. 516, N. Y.; Baca v. Perea, 8 N. M. 187; Douglass v. Lewis, 3 N. M. 596; County Com. Socorro County v. Leavitt, 4 N. M. 37; Coler v. Co. Com., 6 N. M. 88.

T. B. CATRON for Appellee.

Officers are not required to remove offices and books to new county seat before court house and jail are completed. Laws 1907, chap. 87; Laws 1903, chap. 38; C. L. secs. 630-635; Baca v. Bernalillo, 10 N. M. 438; Sandoval v. County Com., 13 N. M. 543; Territory v. Digneo, 15 N. M. 154.

A general statute without negative words will not repeal by implication from their repugnancy, the provisions of a former one which is special and local. 1 Lewis Suth.

Stat. Con., secs. 256, 274, 275, 465, 532; Winslow v. Morton, 118 N. C. 491; Endlich on Inter. Stat., sec. 223.

## OPINION OF THE COURT.

MECHEM, J.—The six cases above settled will be disposed of as one and by this opinion for the reason that the law controlling all of the cases is the same. In other words, the determination of one of these cases involves the decision of all. These cases all grew out of the attempt to remove the county seat of Lincoln County from the Town of Lincoln, where it has long been located, to the Town of Carrizozo, in the same county. Causes Nos. 1412, 1413, and 1414 are suits wherein it is sought to compel the defendants, who are admitted to be officers of the County of Lincoln, to remove their offices from the Town of Lincoln to the Town of Carrizozo, at which place the Board of County Commissioners had provided offices for the use of those officers. Nos. 1415, 1416 and 1417, are denominated "Accusations for the removal from office" of the same officers, which are defendants in the other three cases, for the reason that they have declined and refused to remove their offices to the Town of Carrizozo. The complaint alleges that on the 6th day of July, 1909, there was presented to the Board of County Commissioners of the County of Lincoln a petition in writing, praying the Board of County Commissioners to call an election to submit to the qualified voters of said county the question of the removal of said county seat to Carrizozo. That on the 9th day of July, 1909, the Board granted the prayer of the petition and ordered an election to be held on the 17th day of August, 1909, which, after due notice, was held; that a canvas of the votes of said election showed that Carrizozo received nine hundred votes for the county seat and Lincoln six hundred and thirteen votes therefor. That on canvassing the vote, August 23rd, 1909, the Board declared Carrizozo to be the county seat of Lincoln county. That following this declaration the said Board provided offices at the expense of the county for the above officers, as referred to above. That the defendants failed and refused, and still do so, to establish and maintain their offices at

Carrizozo, the county seat, and, although requested, failed and refused to keep there the books, papers and official records pertaining to their offices. And, in the case of the defendant Stevens, the petition for the writ of mandamus sets up the refusal of the defendant, Stevens, the sheriff, to establish and maintain his office in the town of Carrizozo and remove the prisoners in his custody to the town of Carrizozo, although requested so to do.

A demurrer was interposed by the defendants in each of the above causes, denying the sufficiency of the facts alleged in the complaint, and alleging the following specific grounds of demurrer: "3rd. Because there has been no court house and jail completed at Carrizozo for the County of Lincoln, of which this court will take judicial cognizance. 4th. That because the defendant has no right or lawful power to keep his office or books, records and papers of his office at Carrizozo in the County of Lincoln until a court house and jail shall have been completed at said place. 5th. Because there is no law of this Territory requiring or allowing this defendant to move his office and books, papers and records thereof from the Town of Lincoln, where the same are situated, to the Town of Carrizozo in said County of Lincoln, until there shall be erected and completed a court house and jail at said Town of Carrizozo," and other points of demurrer involving the right of the County Commissioners to rent offices at the Town of Carrizozo and denying the right of such officers to occupy offices at the Town of Carrizozo.

Counsel on both sides of these cases submitted them to the court for determination upon the law as the same is declared in the Compiled Laws and the Session Laws of 1903 and 1907, there being no disposition to question the fact that there was no completed court house and jail at the Town of Carrizozo, nor the other facts pertaining to the attempt to change the county seat from Lincoln to the Town of Carrizozo. The fact that the petition does not allege the completion of the court house and jail at the Town of Carrizozo lays a sufficient foundation for the demurrer to rest upon under the particular circumstances of this case. An examination of the briefs discloses the

fact that the difference in the contentions of counsel is based upon the diverging view of counsel as to the proper construction to be placed upon the sections of the law involved. Counsel for the defendant officers, in behalf of the demurrer, relying upon Section 633, Compiled Laws 1897, as to the law governing this case, whereas counsel for the plaintiff relies upon Section 1, Chapter 38, of the Laws of 1903, and Chapter 87, of the Laws of 1907, amendatory of Chapter 38 of the Laws of 1903. The clause of Section 633, Compiled Laws, relied upon by counsel for the defendant, reads as follows: "So soon as convenient buildings can be had at such new county seat, the courts for said county shall be held therein, and so soon as the new court house and jail shall have been completed, the County Commissioners shall cause all the county records, county offices and property pertaining thereto, and all county prisoners shall be removed to the new county seat." Section 1, Chapter 38, Laws of 1903, is as follows: "Section 1. That the offices of county officers in this Territory shall be established and maintained in the county seat; so it shall be illegal to hold or maintain said offices outside of the place which is required in this section." This act was amended by Chapter 87, Laws of 1907, so as to read as follows: "Section 1. That all sheriffs, treasurers and probate clarks of various counties in New Mexico shall establish and maintain their offices and headquarters for the transaction of the business of their respective offices at the county seat of their respective counties and shall there keep all the books, papers and official records pertaining to their respective offices; provided, that such offices shall be provided for such officers at the expense of the respective counties."

This section is the one relied upon by counsel for the plaintiff to effect the repeal of Section 633, supra. It is contended that this section, indicates that offices were to be maintained at the new county seat of Lincoln county and that such is the meaning of the proviso in this section, but that the whole section operates to repeal the condition imposed in Section 633, upon which defendants' counsel rely, and as a justification for their refusal to remove

their offices from the old county seat to the new. Counsel for the demurrants deny that this later act in any way modifies Section 633, as contended for by plaintiff's counsel, upon the authority of 1st Lewis Suth. Stat. Cons., sec. 274, p. 536 (N. 92) which is as follows: "A general statute without negative words will not repeal by implication from their repugnancy the provisions of a former one which is special and local, unless there is something in the general law or in the course of litigation upon the subject matter that makes it manifest that the legislature contemplated and intended to repeal," and in the last paragraph from which he above is quoted the author cites numerous authorities and further says: "When the legislator frames a statute in general terms or treats a subject in a general manner, it is not reasonable to suppose that he intends to abrogate a particular legislation, to the details of which he has previously given his attention, applicable only to a part of the same subject, unless the act shows a plain intention to do so." Counsel for demurrants contend that the Law of 1907 is a general law, and there is nothing included in it which indicates that it was intended to make it specifically applicable to cases such as are referred to in Section 633, involving the subject of the location of offices of county officers in case of attempted removal of a county seat; that this latter act does not necessarily relate to that particular subject, and there is nothing in it that shows a clear intention to effect a repeal of any portion of Section 633, nor is there such a repugnance as would make these sections irreconcilable. It is clear that the latter act may relate to the location of county officers generally at county seats, and make it the duty of boards of county commissioners to provide offices for them at the county expense. This would be necessary in any case, but that is not inconsistent with the other provisions that require officers to remain at the old county seat, in case of attempted removal until a suitable court house and jail, at least, are provided and completed at the new county seat. This provision seems especially applicable in the case of the sheriff's offices and affords a reason why it should be made essential that a new jail should be completed before

prisoners should be removed from the jail at the old county seat, but there is no reference to be found in these later laws to the subject of removing prisoners, nor for the guarding and taking care of them upon such removal. It is a rule of statutory construction that repeals by implication are not to be favored and that where two statutes can be construed together and preserve the objects designed to be obtained by each, they should be so construed. In the case of Territory v. Digneo, 15 N. M. 157, this court, quoting with approval from Frost v. Wenie, 157 U. S. 56, and U. S. v. Healy, 160 U. S. 147, says: "It is well settled that repeals by implication are not to be favored. And where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court—no purpose to repeal being clearly expressed or indicated—is, if possible, to give effect to both. In other words, it must not be supposed that the Legislature intended by a statute to repeal a prior one on the same subject, unless the last statute is so broad in its. terms, and so clear and explicit in its words as to show that it was intended to cover the whole subject and therefore to displace the prior statute." "One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject. When there is a difference in the whole purview of the two statutes apparently relating to the same subject, the former is not repealed. Such is the general doctrine in which all the cases concur." 1 Lewis Suth. Stat. Cons. 468 (N. 48 and 49). To the same extent it may be properly said that Section 633 and Chapter 87, Laws of 1907, refer to the same general subject—that is, they both require county officers to keep their offices at the county seat, but Section 633 relates to a specific case. Section 633 provides that in special cases, such as the removal of county seats, that those offices shall not be removed from the old county seat to the new until a court house and jail has been completed at the new county

seat so that in another aspect it may be said that there is a very considerable difference in the purview of those two statutes. The purpose for which Chapter 38 of the Laws of 1903, and Chapter 87 of the Laws of 1907, were enacted, each of them having the same purpose in view, seems clearly to have been to prevent county officers from maintaining their offices at their homes or other convenient places outside of the county seat and to require them to establish and maintain their offices at the county seat and thus remedy a condition which doubtless existed in this Territory and necessitated the enactment of this provision, but there is an entirely different purpose provided for in Section 633 in that it specifically provides that in cases where there is a removal, or attempted removal, of a county seat, a time is fixed when the offices at the old county seat shall be transferred to the new and this is the object of the provision of Section 633, that the offices shall not be removed until a court house and jail shall be completed at the new county seat. It is therefore apparent that these statutes may be construed together and that there is no such conflict between them as to prevent them from being construed together and the controverted clause in Section 633, maintained as the law of this Territory in county seat removal cases unaffected by the later legislation referred to. It being practically conceded that a court house and jail at the new county seat had not been completed at the time of the institution of these causes, and the petition failing to allege that the same had been completed as required by Section 633, the decision of the court below is sustained, the demurrer to the petition in each case was correct, there being no law which required the defendants to remove their offices to the new county seat. The counsel for the plaintiff standing by their petitions for dismissing the causes in the court below, the judgment dismissing the cases in the court below was a proper one and is, therefore, affirmed.

The first three causes numbered 1412, 1413, and 1414 being thus disposed of, and the remaining three causes being petitions to oust the same officers for declining to

remove their offices to the new county seat, these must also fail for the reason that the officers had a legal right to refuse to remove their offices under the law. It appears that the judgments in the three last mentioned cases were judgments in mandamus, the same as in the first three cases, whereas the latter cases were not mandamus cases, but, it being so clear that these judgments of dismissal were entered as judgments in mandamus cases by inadvertance, no attention will be paid to the technical defect in the judgments rendered and the same will be treated as judgments of dismissal of the causes brought for the removal of the officers. The judgment of the court below will be affirmed in each of the above causes, with costs. It is so ordered.