132 P.2d 422

In re MARTINEZ' WILL.

MARTINEZ et al. v. MARTINEZ et al.

No. 4634.

Supreme Court of New Mexico.

May 21, 1942.

Rehearing Denied Jan. 15, 1943.

Mariot H. Murphy, of Santa Fe, for appellants.

Noble & Spiess and Luis E. Armijo, all of Las Vegas, A. Gilberto Espinosa, Dennis Chavez, and Stanley Miller, all of Albuquerque, and H. E. Blattman, of Las Vegas, for appellees.

MABRY, Justice.

This is an appeal from a judgment of the District court of Mora county, dismissing a will contest upon the ground of lack of jurisdiction in the District court to hear and determine the issues. The question of jurisdiction was raised by appellees' demurrer to appellants' petition to contest, and the vital question involved has to do with the applicability of Chap. 34

of the Laws of 1939. This act changes the time within which contest. proceedings might be instituted by any person interested from 12 months to 6 months after approval of the will.

Appellants contend that since the case at bar was "pending" at the time of the enactment of the Act of 1939, such act could have no applicability in view of the constitutional prohibition hereinafter to be discussed.

The will in question was denied probate by the Probate court of Mora county on April 15, 1939, and held invalid; and thereafter, and in accordance with law, the Probate judge ordered the will, and testimony taken before .him and transcribed, transmitted to the clerk of the District court of the said county for hearing. § 154-209, N.M.Comp.Laws 1929. Thereafter and on Oct. 14, 1939, after hearing, the District court signed an order or judgment approving and admitting the will to probate; and, on Oct. 7, 1940, which was more than six months but less than a year from the date of the entry of the said order or judgment of the District court admitting said will to probate, the contest petition herein involved was filed.

Counsel agree that there is but a single question presented for review by this court, viz., Does § 1 of Chap. 34 of the Laws of 1939, limiting the time to .six months, instead of one year as formerly, in which contest proceedings must be commenced, apply to this case? Section 1, Chap. 34, Laws of 1939, upon which the demurrer to the contest petition was based provides:

"When a will has been approved, any person interested may at any time within six months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was approved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

This act amended § 154-211 of the N. M.Comp.Laws of 1929, but the only change made in the earlier act was that whereby the one-year period allowed for instituting contest proceedings was shortened to six months, as above stated.

It is the contention of appellants that Chap. 34, Laws 1939, has no application to the case at bar because, this being a "pending case", to apply it here would violate Art. 4, § 34 of the Constitution of New Mexico, which reads: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

We are brought directly, then, to an examination into the one question which this appeal presents, viz., Even though it could be said this is a "pending case" in some sense of the word, was it a pending case in which the "right or remedy" of appellant was affected on June 11, 1939, the date when the amendatory act of 1939 became effective? See Stockard v. Hamilton, 25 N.M. 240, 180 P. 294; State ex rel. State

Tax Commission v. Faircloth, 34 N.M. 61, 277 P. 30. If the 1939 Act is to be brought within the prohibition of the Constitution, it must be because it affected the right or remedy of appellants; it could not be claimed that it changed any rule of evidence.

It must be conceded that at common law there was no proceeding by which a will could be contested in the sense we exercise the right and employ the remedy under modern statutes. In re Morrow's Will, 41 N.M. 117, 121, 64 P.2d 1300. Any such right and remedy as now recognized in such contest proceedings, exists only by virtue of statute, and should be strictly construed. 68 C.J. 925.

Appellees argue that since the right to contest is statutory, and that such right does not accrue until after the will has been approved, any statutory change in establishing a bar to such contests unless commenced within the period prescribed, is not antagonistic to the constitutional provision above set out and here relied upon. Appellants, on the other hand, contend that because of the character of the proceeding under our statute, and the language of the statutes which they would apply, that the contest proceeding is nothing more or less than a continuation of the action or proceeding to probate the will and that this is a pending case from the time of the commencement of the petition to probate until the expiration of the time when no further right to contest exists. They rely upon § 154-223, N.M.Comp.Laws of 1929 as well as 154-211 N.M.Comp.Laws

of 1929, which is the same as § 1 of the 1939 Act except that by the amendatory act six months instead of one year has been fixed as the period of bar, as we have said. Sec. 154-223 provides:

"Effect of probate. If no person shall, within one year after probate, contest the same, or the validity of the will, or if on such contest the will is sustained, the probate of the will shall have the same effect as a final decree in chancery."

Appellants contend that since there is no express repeal of this section found in the 1939 Act, it stands as the law, to be reconciled, if possible, with the subsequent enactment of 1939. And, reliance is placed upon this statute in support of appellants' claim that the order of the court in approving and admitting the will to probate is not a final adjudication of the issue or determination of the cause since, the probate does not have "the same effect as a final decree in chancery" until one year has elapsed, and when no person has, within that time, contested the validity thereof. We can not agree with appellants' appraisal of these statutes or the effect achieved by the enactment of Chap. 34 of the Laws of 1939. We hold that the Act of 1939 served to repeal § 154-223, supra.

It is true that repeals by implication are not favored and that where two statutes can be construed together and thus preserve the objects to be obtained by each, they should be so construed. Territory v. Riggle, 16 N.M. 713, 120 P. 318; Territory v. Digneo, 14 N.M. 157, 103 P.

975; James v. Board of Com'rs of Socorro County, 24 N.M. 509, 174 P. 1001, 1003. But, this effect must be given to statutes only when it may be done "without contradiction or repugnancy or absurdity or unreasonableness." James v. Board of Com'rs of Socorro County, supra. When we examine these two statutes, it becomes clear that they can not be construed so as to give effect to each without contradiction or repugnancy or absurdity or unreasonableness.

It is not difficult to understand the purpose which the 1939 Legislature had in mind in shortening the time for commencing such actions when we examine such act in the light of Chap. 136 of the Laws of 1937, passed only two years earlier. Section 1 of the Act of 1937 amended Section 47-505 of the 1929 Compilation so as to shorten the time within which claims against the estates of deceased persons could be presented, from twelve months to six months. Changes affected by the 1937 Act regarding executors and administrators, and as they provided for the closing of estates immediately after the expiration of six months, show an obvious intention of the legislature to make it possible to close estates and thus end disputes not otherwise perpetuated, at the expiration of six months. This 1937 Legislature, however, in its work of so overhauling obviously overlooked the provision in the law which granted interested persons twelve months within which to commence a contest, and which would thus prevent the final closing of estates until after the expiration of the twelve months' period. It is reasonable to say that it was with the idea of harmonizing all these provisions and permitting the closing of estates immediately after the expiration of six months that the Legislature immediately following enacted Chap 34, Laws of 1939, which is now under scrutiny. This interpretation of legislative intention makes sense. Any other would make for confussion, and uncertainty. Therefore, since both of these statutes can not stand, the last enacted will survive.

The question of the validity of the will, in the general sense, is not, of course, here involved. When we are asked to determine the rights of the parties herein, measured by the 1939 Act and the constitutional inhibition against legislation which shall affect the right or remedy to either party in any pending case, we are called upon to determine merely the question: When did appellants' right to contest accrue? This brings us to a discussion of the important and controlling point in the case. Other matters involving the administration of the estate may have been pending and yet the legislative Act of 1939 could not, under appellees' contention, be said to affect appellants' right or remedy to commence and prosecute a contest under the provisions of § 154-211, N.M.Comp.Laws of 1929, which, as amended provides:

"154-211. Contest of probate. When a will has been approved, any person interested may at any time within six months after such probate, contest the same or

the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

It will be noted that the statute does not require the petition to be filed in the same action, but only in the same court, and this indicates rather clearly, it seems to us, that the contest proceeding is considered as a new and independent action. If it can be said that the contest is itself a distinct and independent action, the right to prosecute which did not mature and become such right until after entry of the order and judgment of the District court of Oct. 8, 1939, adjudicating the will to be good and valid and authorizing its probation, then appellants' position can not be sustained; the constitution, then, is not violated by the statute in question.

We said in Re Morrow's Will, 41 N.M. 723, 729, 73 P.2d 1360, 1364, "provision is made in the statutes for probating wills in common form; and there is no provision permitting contest until a will is probated."

"Contest is in the nature of an appeal, but still an original action and not an appeal. It is frequently necessary to serve process as in ordinary civil actions." Page on Wills, § 542.

"* * * It is not an appeal from the order of a probate court probating the will, but an independent civil action." 68 C.J. page 926.

We find the general rule well stated in 68 C.J. at page 925, where it is said: "Modern statutes generally provide for attack on probate by means of a bill or by an action to contest the will, this remedy being provided in some jurisdictions in addition to proceedings for contest prior to probate or in opposition to probate. It is a new, substantive, and independent right, provided it is exercised within the period prescribed."

Our procedure is the same as that described by the text just quoted. We have set up complete machinery for contest by an independent action as was attempted to be followed in this case; and, we likewise have made provision for protest (or contest) prior to probate, or in opposition to the will. It will be observed also, that provision is made under our contest statute, for issuance of process much the same as in other civil actions. It is directed to the parties interested, those to whom the legislature deemed proper to give notice; and the service of this process or citation "shall be had in the same manner as service of summons in civil cases." § 154-212, N.M.Comp.Laws of 1929, as amended by Laws 1939, c. 34, § 2.

Our statutes in this respect are almost identical with those of Ohio and it would seem that the Supreme court of that state in Chilcote v. Hoffman, 97 Ohio St. 98, 119 N.E. 364, 367, L.R.A.1918D, 575, has settled a like question in that jurisdiction with a well reasoned holding which supports appellees' position here. The Ohio court, after a lengthy discussion of the question,

which revolved about the point of whether a will contest was a continuation of the probate proceedings and that only parties interested at the time an appeal could be taken would be an interested party within the meaning of the statute, said:

"This is sufficient to show that this action is not in fact in the nature of an appeal, or in any respect analogous thereto, notwithstanding the fact that courts have made use of that expression in cases wherein the distinction between an appeal and an independent action was not in issue and in no wise important in the disposition of the questions involved."

Difficulties often arise from failure to distinguish between a cause of action and a right of action. Appellants may have been confused by their failure here to properly distinguish.

"A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right. Thus statutes of limitation do not affect the cause of action, but take away the right." Lewis' Adm'r v. Glenn, 84 Va. 947, 979, 6 S.E. 866, 882.

In 68 C.J. 925, we find the following rule: "The right to contest a will is not a right existing at common law, but a right conferred solely by statute which affords the exclusive mode of setting aside a will; and the statute, being in derogation of common law, must be strictly construed."

The question is: When did appellants' right of action accrue? While appellants had the right to protest the will's probation prior to its approval and admission to probate, their right to contest in the manner they attempted and under the statute in question matured only after the will was approved and admitted to probate. They could have no right before there was something to contest.

We hold the proceeding to contest here followed is, in fact, an independent civil action, the right to prosecute which can not accrue until there has been a final order and judgment by the District court adjudicating the will to be valid. And, since this final order was not made and entered until Oct. 14, 1939, and therefore after June 11, 1939, the effective date of the amendatory Act, Chap. 34 of the Laws of 1939 applied and the action to contest was filed too late.

The judgment should be affirmed; and, it is so ordered.

BRICE, C. J., ZINN, and SADLER, JJ., concur.

BICKLEY, J., dissents.