This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. 33,834**

**CAITLIN BURKE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals from the district court's on-record review and affirmance of the metropolitan court's decision, in which the metropolitan court found her guilty of driving while under the influence of intoxicating liquor or drugs (DWI). [DS 1; RP 103-17, 138] This Court issued a notice of proposed disposition in which we proposed to adopt the thorough and well-reasoned memorandum opinion of the district court. Defendant has filed a memorandum in opposition challenging our notice of proposed disposition, which we have given due consideration. For the reasons stated below, we remain unpersuaded and affirm.

**Foundation for Chemical Test**

{2}     Defendant contends that the metropolitan court erred in admitting the chemical test results where "the officer at no point saw the authentic documentation from [the State Laboratory Division] indicating certification." [MIO 3] Defendant concedes, however, that the officer saw a copy of the certification containing the relevant foundational information and that the copy was affixed to the machine. [MIO 3] Defendant asserts that this does not satisfy *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. In *Martinez*, the New Mexico Supreme Court held "[w]hether the officer understands the underlying process that led to the document's content does not matter for foundational purposes—what matters is simply the content of the document." *Id.* ¶ 22. Here, Defendant does not assert that the officer did not

2

testify to the content of the document, but that the officer was aware of that content from a copy of the certification sticker. However, given that the officer testified to the necessary foundational information, and given that Defendant has not cited any authority holding that this foundational information cannot be taken from a copy, but must be taken from an original, we conclude that Defendant has not demonstrated error in this regard. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**Confrontation Clause**

{3}     Defendant contends her right to confrontation was violated and that *State v. Anaya*, 2012-NMCA-094, 287 P.3d 956, does not control. We disagree.

{4}     Defendant contends that the breath-testing process is a "multi-step process where the end tester, the officer, gives surrogate testimony and offers a certificate in place of live testimony to prove the integrity of the steps of the testing process not performed by the officer." [MIO 5] Defendant argues that a certificate is provided to show that the calibration and certification process were done properly. [MIO 7] Defendant, therefore, contends that his confrontation rights were violated because he was not permitted to confront some of the actual analysts for his test. [MIO 8]

{5}     In *Anaya*, this Court held that "[f]oundational information regarding the

scientific aspects of a breathalyzer machine would require too much of an inferential leap to serve as testimonial evidence of a defendant's guilt." *Id.* ¶ 22. "As a result, factual evidence related to the scientific aspects of the certification procedures of the IR 5000 machine are non-testimonial because they would support one foundational fact, the scientific accuracy of the machine." *Id.* We see little basis for distinguishing the facts of this case from *Anaya*. Defendant contends that he was not permitted to confront witnesses who would testify to the calibration and certification process—essentially, the scientific accuracy of the machine—which we have previously held to be non-testimonial and, therefore, not subject to confrontation.

{6}     For this reason, we conclude Defendant has not demonstrated error in this regard.

**Weight of Evidence**

{7}     Defendant contends that the metropolitan court judge erred in considering the breath alcohol test to be irrefutable proof of per se DWI and requests that this Court correct this alleged error in law. [MIO 8, 10] Defendant relies on the metropolitan court judge's statement to argue that the judge did not exercise her discretion and weigh the evidence, but, rather, blindly followed the chemical test. [MIO 10] However, the metropolitan court judge's statement that, once the breath alcohol test is admitted, it is "pretty difficult," because under New Mexico law a .08 or above is

4

a per se violation, indicates no impropriety. Rather, the metropolitan court judge's statement is a restatement of NMSA 1978, Section 66-8-102(C)(1) (2010) and appears to indicate that she does place weight on the breath test score. It does not, however, lend itself to the conclusion that the metropolitan court refused to consider any other evidence. As a result, we conclude that Defendant has not demonstrated error in this regard.

**{8}** For the reasons stated above, and those contained in the district court's memorandum opinion, we affirm.

**{9}** **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**