**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY ALLEN KEMPER,

                    Plaintiff-Appellant,

            v.

INDUSTRIAL CLAIM APPEALS
OFFICE OF THE STATE OF
COLORADO; L.P.R.
CONSTRUCTION; MILLER
CONSULTING; PINNACOL
ASSURANCE,

                    Defendants-Appellees.

No. 03-1326

(D.C. Civil No. 03-ES-1162)

(D. Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Pro se Plaintiff Gary Allen Kemper appeals the July 3, 2003, dismissal of

his complaint seeking relief from the Colorado Industrial Claim Appeals Office

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

(ICAO) for an on-the-job injury he sustained. The district court dismissed Plaintiff's complaint because it in essence sought appellate review of a state-court judgment. Plaintiff argues before this court that he was denied due process when the district court dismissed his complaint. We disagree and AFFIRM the district court.

Plaintiff sustained an on-the-job injury on January 10, 1994. He brought suit against his employer, LPR Construction Company, and its insurer, Pinnacol Assurance, for workers' compensation benefits. An Administrative Law Judge (ALJ) denied benefits and the ICAO affirmed. Plaintiff then appealed to the Colorado Court of Appeals, which affirmed. The Colorado Supreme Court denied certiorari on January 13, 2003.

On June 23, 2003, Plaintiff filed a pro se complaint in federal district court. The complaint is on a district court form. Plaintiff captioned the complaint "Unfair-compation—Deceptive Practices Bad Faith." He listed as defendants the ICAO, LPR Construction, Miller Consulting, and Pinnacol Assurance. In the space after the printed words "Jurisdiction is asserted pursuant to the following statutory authorities:" he wrote "Supreme Court, State of Colorado Two East Fourteenth Avenue Denver, CO 80203." The complaint set forth three allegations: (1) "Gary Kemper first represented by counsel of Nortan Frickey"; (2) "After extensevie time counsel of the Frickey law firm Janet Frickey before ALJ

DeLoras Atenced"; and (3) "Gary Kemper forced to represent pro see to get inforcement remadey. Set hearing that begin Supreme Court State of Colorado action no. 02SCG71." The complaint requested the following relief: "That the U.S. District Court assert jurisdiction of inforcement and penaties."

The district court, liberally construing Mr. Kemper's complaint, found that he was seeking review of a state court judgment and dismissed the complaint under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923).

In his opening brief to this court, Plaintiff asserts that the district court erred, but he does not explain how, nor does he address the Rooker-Feldman doctrine. In his reply brief he asserts: "This matter was so lacking in notice or opportunity to be heard as to deny due process. District court acting as advocate for defendants. Indication of case prejudicial." He admits, however, that "the basis for Mr. Kemper's complaint in District Court was to deturmain unlawful disscretion of judgment by Court of Appeals and its Panal." We understand this last statement to mean that Plaintiff is challenging the ruling of the Colorado Court of Appeals.

We agree with the district court that Plaintiff's claim is barred by the Rooker-Feldman doctrine. "[A] party losing in state court is barred from seeking

. . . appellate review of the state judgment in a United States district court."

Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  In applying that doctrine, the district court did not deny Plaintiff due process, nor did it display any bias against Plaintiff.  Accordingly, for substantially the reasons set forth in the district court's July 3, 2003, Order, we AFFIRM.  All pending motions are DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge