**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY ALLEN KEMPER,

Plaintiff-Appellant,

v.

LPR CONSTRUCTION COMPANY
and COLORADO COMPENSATION
INSURANCE AUTHORITY, dba
PINNACOL ASSURANCE,

Defendants-Appellees.

No. 07-1411

District of Colorado

(D.C. No. 07-CV-1538-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

**I.**

Gary Allen Kemper brought this nearly indecipherable action alleging, as

each of its three claims for relief:

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, *res judicata*, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

> (See. 198[0] Amendment 28 U.S.C. 2412)
> Unfair Compation – Deceptive Practices Bad Faith
> Froid v. Knowles Law 1919

R., Doc. 12, at 3–5 (sic).[2]  For this, he requested relief in the form of "one hundred million dollers exempt from garnishment or levy, to be payed to Plaintiff Gary Allen Kemper (1 Billion Dollers)."  *Id.* at 6.  A juxtaposed comment elaborates, "In penalties for the negligence that LPR. court caused in there treting Doctor Brian J. Beatty caused in the minipulation of injury."  *Id.*

In a page of meandering factual allegations, Mr. Kemper explained that Defendant LPR Construction Company was ordered in 1998 by the State of Colorado "to pay for Plaintiffs medical treatment and for time lost from work due to the injury that incurred 'January 10, 1994'!"  *Id.* at 1 *verso*.  He further stated "that defendant violated legal rights of unfair comatition – deceptive practices bad faith Froid v. Knowles Law 1919. in constructing the jurisdiction for the State of Colorado and Federal District for the State of Colorado, Denver."  *Id.*

Affording this *pro se* complaint surely the most liberal of liberal constructions, the district court interpreted it as the third in a series of federal challenges to Mr. Kemper's state-court worker's compensation case.  The court therefore dismissed the action on the basis of the *Rooker-Feldman* doctrine, which

---

[2] 28 U.S.C. § 2412 concerns awards of costs and fees in actions to which the United States is a party.  *Froid v. Knowles*, 36 P.2d 156 (Colo. 1934), held that the fact that plaintiff had received a worker's compensation award for an on-the-job injury did not bar his malpractice suit against the physician who had treated him.

forbids the inferior federal courts to review the judgments of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

## II.

In this nearly indecipherable appeal, Mr. Kemper asserts two grounds for relief. First, "unlaw fulldisscretion of judgment. By District Court," in that

> dissqulaafucution of any court employee for unlawfull disscretion of judgment. In any State or Federal court. and or any person or persons that would otherwise be immune from procedural proccess. Supreme Court State of Colorado action no: 02SC671 certiorari to the Supreme Court SHALL BE.

Aplt's Br. 3. Second, "unlawfull disscretion of judgment by Supreme Court State of Colorado action no: 02SC671," in that "oral statement by Supreme Court of Colorado, that thay do was – thay want to. action no.: 02SC671." *Id.* Below, Mr. Kemper did not even request disqualification of the district judge or magistrate judge. Nor are the inferior federal courts a proper forum for reviewing the decisions of the Supreme Court of Colorado.[3]

---

[3] Mr. Kemper had appealed an adverse determination of the Industrial Claim Appeals Office, a unit of the Colorado Department of Labor and Employment, to the Colorado Court of Appeals, which affirmed. *Kemper v. Indus. Claim Appeals Office*, 2002 WL 31124579 (Colo. Ct. App. Sep. 26, 2002). The Colorado Supreme Court denied certiorari. *Kemper v. Indus. Claim Appeals Office*, No. 02SC671 (Colo. Jan. 13, 2003). Review would properly have been sought in the United States Supreme Court by petition for a writ of certiorari to the Colorado Court of Appeals.

Because no plausible basis is asserted for appeal, we must affirm. But we cannot fully endorse the district court's selection of the *Rooker-Feldman* doctrine as the proper basis for dismissing this action. *Rooker-Feldman* "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries *caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (emphasis added). Attempts merely to seek relief denied in state court—to relitigate a state case—are properly dismissed on grounds of *res judicata* or collateral estoppel. Preclusion in federal court on the basis of a state-court judgment is determined by state law, and "incorporation of preclusion principles into *Rooker-Feldman* risks turning that limited doctrine into a uniform *federal* rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act." *Id.* at 466 (citing 28 U.S.C. § 1738).

Having handled two of Mr. Kemper's complaints on this subject matter, the district court likely knew better than we exactly what he was trying to say. However, to the extent the complaint appears to allege negligence and malpractice, it should have been dismissed on preclusion grounds or for its failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

## III.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**. As Mr. Kemper has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised, his motion for leave to proceed on appeal *in forma pauperis* is **DENIED**.

<div style="margin-left: 50%">

Entered for the Court,

Michael W. McConnell
Circuit Judge

</div>