FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY ALLEN KEMPER,

     Plaintiff - Appellant,

v.

COLORADO COURT OF APPEALS;
INDUSTRIAL CLAIM APPEALS
OFFICE OF THE STATE OF
COLORADO; LPR CONSTRUCTION
COMPANY; STATE OF COLORADO
ALS,

     Defendants - Appellees.

No. 12-1411
(D.C. No. 1:12-CV-02264-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

Gary Allen Kemper, proceeding pro se,[1] appeals the district court's order

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissing his complaint and the order denying his motion to reconsider.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Kemper sustained an on-the-job injury on January 10, 1994.  He sued his

employer, LPR Construction Company, and its insurer, Pinnacol Assurance, for workers'

compensation benefits.  *See Kemper v. Indus. Claim Appeals Office*, 83 F. App'x 290,

291 (10th Cir. 2003).  An administrative law judge denied benefits, and the Industrial

Claims Appeals Office affirmed, as did the Colorado Court of Appeals.  The Colorado

Supreme Court denied certiorari.

On June 23, 2003, Mr. Kemper filed a pro se complaint in federal district court

regarding his workers' compensation claim.  The district court found that he was seeking

review of a state court judgment and dismissed the complaint under the *Rooker-Feldman*

doctrine.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v.

Feldman*, 460 U.S. 462, 463 (1983).  On appeal, we agreed that *Rooker-Feldman* barred

the claim.  *See Kemper*, 83 F. App'x at 291.

In 2007, Mr. Kemper again filed a pro se complaint in federal district court.  The

district court concluded that Mr. Kemper was challenging the same workers'

---

[1] "We read *pro se* [petitions] more liberally than those composed by lawyers . . .
[ignoring] the . . . failure to cite proper legal authority, . . . confusion of various legal
theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading
requirements[, but] . . . we may not rewrite a [petition] to include claims that were never
presented." *Firstenberg v. Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (quotations
omitted)); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e
must construe [a pro se litigant's] arguments liberally; this rule of liberal construction
stops, however, at the point at which we begin to serve as his advocate.").

compensation claim that he had previously challenged, and it again dismissed under *Rooker-Feldman*. *Kemper v. Colo. Comp. Ins.*, No. 07-CV-01538-BNB, 2007 WL 2770774 (D. Colo. Sept. 19, 2007). We affirmed on appeal. Citing recent Supreme Court decisions interpreting the *Rooker-Feldman* doctrine, we concluded that the doctrine was an improper basis for dismissing the action because *Rooker-Feldman* applies only to "'cases brought by state-court losers complaining of injuries *caused by state-court judgments* rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Kemper v. LPR Constr. Co.*, 271 F. App'x 760, 762 (10th Cir. 2008) (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 287 (2005). As Mr. Kemper's complaint appeared to relitigate state law allegations of negligence and malpractice, we said "it should have been dismissed on preclusion grounds or for its failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Kemper*, 271 F. App'x at 762.

On August 24, 2012, Mr. Kemper again filed a pro se complaint in federal district court. On October 2, 2012, the district court concluded that Mr. Kemper was challenging the same workers' compensation decision and dismissed on preclusion grounds. ROA, Vol. 1 at 97. On October 18, 2012, the district court enjoined Mr. Kemper from filing any further pro se actions related to his workers' compensation claim. ROA, Vol. 1. at 103. On November 1, 2012, the district court denied Mr. Kemper's motion to reconsider, concluding that the motion is "unintelligible and fails to demonstrate some reason why

the Court should reconsider." ROA, Vol. 1 at 119.

We see no error in the district court's decision. Mr. Kemper has failed to produce a nonfrivolous argument to support his assertion that a federal court should review the state court decision in his case. We therefore affirm and also deny Mr. Kemper's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge